UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACK KERSEY                                                                                      PLAINTIFF

v.                                        No. 5:21-CV-05040

OLYMPIC CHANNEL SERVICES
S.L., and DOES 1 – 10                                                                         DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff's motion (Doc. 4) for extension of time to serve and to allow service by mail. The motion will be granted in part.

This case was filed on February 26, 2021. On June 1, 2021, the Clerk entered an order on the docket directing Plaintiff to show cause why service had not been perfected. Plaintiff's motion was filed in response. Plaintiff notes that Defendant Olympic Channel Services S.L. ("Olympic") is a foreign business organization, and so Federal Rule of Civil Procedure 4(h)(2) and 4(f) control service of process. The time limit for service set out in Rule 4(m), which triggered the Clerk's order, explicitly does not apply when service is made in a foreign country under Rules 4(f) and 4(h)(2). Fed. R. Civ. P. 4(m). Plaintiff asks that the Clerk's order be vacated, but because the only effect that order had was to cause Plaintiff to file the instant motion, vacating the order is unnecessary, and Plaintiff's motion will be denied in part on this basis.

Plaintiff asks for the option to follow the method for service abroad set out in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Convention") within 180 days, and also to serve Olympic by mail within 90 days. The Court finds that good cause exists to permit either approach proposed by Plaintiff, or both, as each is reasonably calculated to give Olympic actual notice of this lawsuit and each appears to comport with due process. Plaintiff also represents his belief that service by mail is not an objectionable method in

1

the Kingdom of Spain and is otherwise authorized by law.  Plaintiff's proposed time limits are also reasonable and reflect Plaintiff's intent to diligently pursue his claims, rather than to allow this case to sit unlitigated on the Court's docket.  The motion will be granted on this basis.  Plaintiff may serve Olympic by mail within 90 days pursuant to Article 10(a) of the Convention, or by Central Authority pursuant to Article 5 of the Convention.

Unrelated to Plaintiff's request for relief, the Court notes that Plaintiff has named several Doe defendants, but makes only general allegations about them.  The Court is unable to determine whether any of these Does are domestic entities subject to service under the Rule 4(m) deadline, but because the deadline to serve Olympic is being extended, the Court finds good cause to extend by 90 days the Rule 4(m) deadline to serve any Doe defendant that is subject to that deadline.  If these Defendants are in fact placeholders for real entities Plaintiff intends to make parties to this action, Plaintiff is reminded to act diligently to ensure service is timely and any amendment substituting a known party for a Doe defendant can relate back to the original pleading.  *Accord Lee v. Airgas—Mid South, Inc.*, 793 F.3d 894 (8th Cir. 2015).

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 4) is GRANTED IN PART as stated herein.

IT IS SO ORDERED this 28th day of June, 2021.

/s/ P. K. Holmes,
P.K. HOLMES, III
U.S. DISTRICT JUDGE