UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACK KERSEY                                                                    PLAINTIFF

v.                                   No. 5:21-CV-05040

OLYMPIC CHANNEL SERVICES S.L.
and DOES 1-10                                                              DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendant Olympic Channel Services, S.L.'s motion (Doc. 15) to dismiss and brief in support (Doc. 16).  Defendant attached multiple exhibits to its motion, including the affidavit of Head of Legal for Defendant, Matthias Grupp (Doc. 16-1), Plaintiff Jack Kersey's resume (Doc. 16-2), emails exchanged between the parties prior to Plaintiff's employment (Doc. 16-3), Plaintiff's offer of employment (Doc. 16-4), the parties' service provider agreement (Doc. 16-5), and pertinent sections of the Spanish Civil Code (16-5).  Plaintiff filed a response (Doc. 19).  Defendant argues the Court lacks personal jurisdiction over it and seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) and the doctrine of *forum non conveniens*.  Plaintiff provides no additional evidence and relies on the factual allegations in his complaint in support of his argument that personal jurisdiction exists.  The motion to dismiss[1] will be GRANTED.

I.      **Jurisdictional Facts**

The allegations and facts in the record before the Court, viewed in Plaintiff's favor, are as

---

[1] "[W]here, as here, the parties submit affidavits to bolster their positions on the motion, and the district court relies on the evidence, the motion is in substance one for summary judgment. . . . At the motion stage, the action should not be dismissed for lack of jurisdiction if the evidence, viewed in the light most favorable to [Plaintiff], is sufficient to support a conclusion that the exercise of personal jurisdiction over [Defendant] is proper."  *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015).

follows: Plaintiff is an Arkansas citizen and Defendant, a Spanish company with its principal place of business in Madrid, Spain, is a Spanish citizen. Defendant has no office or business operations in Arkansas. Defendant employed Plaintiff as a Senior Data Scientist. When Plaintiff applied for employment in 2016, his resume reflected he had worked in Berkeley, California since 2014. Prior to 2014, Plaintiff was employed in San Francisco, California. Defendant sent two representatives from Spain to San Francisco to interview Plaintiff for the Senior Data Scientist position, and Defendant thereafter extended an offer of employment. Plaintiff accepted and provided Defendant with a copy of his passport, which had an Arkansas address. Plaintiff also provided Defendant with account information for a bank in San Francisco for Defendant to pay Plaintiff. The parties signed a service provider agreement which provided for Plaintiff's relocation to Madrid, Spain, and offered Plaintiff one-way air transportation from San Francisco to Madrid, a full serviced two-bedroom apartment in Madrid for one month, a relocation payment (subject to Spanish taxes), and a moving service from Berkeley to Madrid, with all relocation expenses to be paid when Plaintiff moved to Madrid full-time. When Defendant arranged a flight for Plaintiff to Madrid, Plaintiff informed Defendant that airports in San Francisco or Oakland, California were the most convenient airports for him. The service provider agreement (the second of three contracts under which Plaintiff is suing) contains a forum selection clause which dictates that Madrid, Spain is the appropriate forum for any disputes arising under the contract. Defendant paid Plaintiff's salary in euros, subject to Spanish taxes, and allotted Plaintiff the amount of vacation days required by Spanish law. Defendant conditioned Plaintiff's employment on Plaintiff's ability to secure Spanish work and residence visa, and Plaintiff's employment was registered with the Spanish Social Security Administration.

While Defendant intended for Plaintiff to live and work primarily from Spain, Plaintiff

alleges he sporadically worked from his home in Arkansas in 2017 and 2018, though Defendant never specifically instructed him to work in Arkansas.

## II.      Personal Jurisdiction Analysis

The Court can exercise personal jurisdiction over Defendant if (1) the exercise of personal jurisdiction over Defendant is allowed under Arkansas's long-arm statute; and (2) the exercise of personal jurisdiction over Defendant comports with due process. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387-88 (8th Cir. 1991). "Arkansas's long-arm statute provides for jurisdiction over persons and claims to the maximum extent permitted by constitutional due process." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011) (citing Ark. Code Ann. § 16-4-101). The sole issue for analysis, then, is whether the Court can exercise personal jurisdiction over Defendant consistent with due process. Plaintiff bears the burden of persuasion on this issue, though evidence and fact disputes are viewed in Plaintiff's favor. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

A court may exercise personal jurisdiction over an out-of-state defendant consistent with due process so long as the defendant has sufficient minimum contacts with the state such that maintaining the lawsuit does not offend traditional notions of fair play and substantial justice. *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020). A defendant whose contacts with the forum state are so systematic and continuous that the defendant can fairly be said to be "at home" in the state is subject to "general" jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Where the defendant's contacts are insufficient for general jurisdiction, the defendant may be subject to a court's "specific jurisdiction" over those cases or controversies that arise out of or relate to the defendant's contacts with the forum (provided that exercising jurisdiction on the basis of those contacts does not offend traditional notions of fair play and

substantial justice).  *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014).  Plaintiff concedes Defendant is not subject to general jurisdiction in Arkansas, so the Court must only decide whether it may exercise specific jurisdiction over Defendant.

Specific jurisdiction may be exercised over a company when a case or controversy arises out of that company's contacts with the forum.  *Int'l Shoe Co. v. Wash. Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945).  "For contractual claims, personal jurisdiction is proper where the defendant 'reach[es] out beyond one state and create[s] continuing relationships and obligations with citizens of another state.'"  *Creative Calling Sols., Inc.*, 799 F.3d at 980 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985)).  The existence of a contract is not enough to establish minimum contacts—the Court must look to "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to determine whether a defendant has subjected itself to personal jurisdiction in a forum.  *Id.* (quoting *Burger King Corp.*, 471 U.S. at 478, 479).

To determine whether the alleged relevant contacts a defendant has with a forum state are sufficient to exercise personal jurisdiction over the defendant comporting with due process, the Eighth Circuit analyzes "1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties."  *Fastpath, Inc.*, 760 F.3d at 821.  The first three factors are the most significant.  *Id.*  A plaintiff's unilateral activity does not create contacts that establish a forum court's personal jurisdiction over defendants. *Mountaire Feeds, Inc. v. Agro Impex, S. A.*, 677 F.2d 651, 655 (8th Cir. 1982).  The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Walden v. Fiore*, 571 U.S. 277, 285 (2014).  "[T]he

plaintiff cannot be the only link between the defendant and the forum." *Fastpath, Inc.*, 760 F.3d at 823 (quoting *Walden*, 571 U.S. at 277).

Here, Defendant engaged in contract negotiations with Plaintiff believing him to reside in California.  Defendant sent representatives to California to interview Plaintiff.  Plaintiff asked for paychecks to be deposited in a California bank and represented he had worked in California for the prior 3 years.  The service provider agreement also clearly contemplated services would be provided by Plaintiff in Spain (or elsewhere, if directed by Defendant), and provided for Plaintiff's relocation from California to Spain.  Plaintiff elected to perform work for Defendant in Arkansas, though Defendant did not instruct Plaintiff to work from Arkansas.  A consideration of the contract factors indicates Defendant has no Arkansas contacts from which this lawsuit arises.  Because Defendant has no Arkansas contacts relevant to this lawsuit, but only contacts with a Plaintiff who himself unilaterally established contacts with Arkansas, the factors weigh against the Court exercising personal jurisdiction over Defendant.

Plaintiff argues he is an Arkansas citizen and performed work for Defendant in Arkansas. Additionally, Plaintiff points to several alleged connections between Defendant and Arkansas, such as direct distribution agreements with broadcast networks operating in Arkansas and Arkansas athletes which compete in the Olympics.  However, besides the fact that Defendant has no control over some of these contacts and such contacts are the work of other distinct and separate entities such as the International Olympic Committee, there also exists no nexus between these alleged contacts by Defendant and Plaintiff's causes of action.  In short, because Plaintiff's claims did not arise out any alleged contacts Defendant might have with Arkansas, they are immaterial. *See Goodyear Dunlop Tires*, 564 U.S. at 919 ("[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.").

No facts have been presented to the Court which demonstrate that Defendant purposefully established minimum contacts in Arkansas related to Plaintiff's claims, and therefore the Due Process Clause prohibits this Court from exercising personal jurisdiction over the Defendant. Because the Court is granting the motion to dismiss claims against Defendant without prejudice due to lack of personal jurisdiction, it does not reach the question of whether this case should be dismissed pursuant to the doctrine of *forum non conveniens* or the forum selection clause listed in the service provider agreement.

## III.    John Doe Defendants

On June 28, 2021, the Court entered an order (Doc. 5) extending the Rule 4(m) period for Defendant serve the John Doe Defendants.  That order noted the absence of specific allegations involving those Defendants and extended the Rule 4(m) period for serving those Defendants until September 27, 2021.  On September 17, 2021, Plaintiff filed an amended complaint.  No new allegations were made specific to any John Doe Defendant, and it is clear that the John Doe Defendants in the live amended complaint are the same as those named in the superseded original complaint.  Plaintiff has not filed proof of service for any of these Defendants, and the deadline to serve them with a copy of the original complaint has passed.  *See Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) (explaining an amended complaint does not restart the Rule 4(m) period for serving Defendants who were named in the original complaint).

Because the John Doe Defendants were not timely served, the complaint against them will also be dismissed without prejudice.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 15) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.  Judgment will be entered accordingly.

IT IS SO ORDERED this 28th day of October, 2021.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
U.S. DISTRICT JUDGE